IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA    )
                            )
v.                          )  CASE NO. CR416-097
                            )
MAURICE LUCLARE WILLIAMS,   )
                            )
    Defendant.              )
                            )

## ORDER

Before the Court is Defendant Maurice Luclare Williams's Rule 33 Motion for New Trial. (Doc. 42.) In the motion, Defendant argues he is entitled to a new trial "based upon the weight of the evidence in this case being clearly against the verdict, as the Government failed to prove each element of every count beyond a reasonable doubt." (Id., Attach. 1 at 1.) The Government has responded in opposition, contending that it presented evidence sufficient to convict Defendant on all counts. (Doc. 43 at 5-7.)

Should a defendant move the Court for a new trial, Federal Rule of Criminal Procedure 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When assessing a motion seeking a new trial based on the weight of the evidence presented at trial, the Court is not

required to view that evidence in the light most favorable to the verdict. <u>United States v. Martinez</u>, 763 F.2d 1297, 1313 (11th Cir. 1985). Rather, the Court may conduct its own analysis of both the credibility of the witnesses and the weight of the evidence. <u>Id.</u> However, the Court is not empowered to reweigh the evidence and set aside the verdict simply because it feels that a contrary result would be more reasonable. <u>Id.</u> It is for this reason that motions of this type are disfavored and only granted in the rare event that the evidence presented at trial "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." <u>Id.</u>

In this case, the Court has reviewed the evidence presented at trial and concludes that Defendant is not entitled to a new trial. Quite simply, the Government presented at trial a bounty of evidence establishing Defendant's guilt with respect to each of the three counts on which he was convicted. After an attempted traffic stop, Defendant led authorities on a high-speed chase that concluded after police successfully deployed a spike strip to puncture the tires of Defendant's vehicle. However, Defendant continued the chase after hitting the strike strip, ultimately driving through a residential backyard. When the vehicle came to a stop, Defendant fled the vehicle

2

on foot and was only apprehended after officers caught up with him in an adjacent wooded area. Officers found several bags of marijuana and approximately $1,300 cash on Defendant's person at the time of his arrest. Also, police recovered a loaded revolver, several different controlled substances, digital scales, whisks, baking soda, and razor blades from a black bag that was thrown from the front-passenger window at approximately the same time Defendant exited the vehicle and fled from police on foot.

In the Court's opinion, Defendant's Motion for New Trial borders on the frivolous. The evidence presented at trial roundly supports the jury's verdict in this case such that permitting the verdict to stand in no way amounts to a miscarriage of justice. At trial and in his motion, Defendant has always contended that the black bag belonged to the pregnant female in the front-passengers seat. The jury heard all the evidence and Defendant's arguments, ultimately rejecting his contention that he lacked any knowledge of the contents of the black bag. Based on the wide array of evidence presented by the Government, the jury was fully entitled to conclude, beyond a reasonable doubt, that Defendant possessed the controlled substances with the intent to distribute them, possessed the firearm while being a convicted felon, and possessed the firearm in

furtherance of the drug offense. Accordingly, Defendant's Rule 33 Motion for New Trial (Doc. 42) is **DENIED**.

SO ORDERED this 20th day of December 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA