UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR416-97 |
| | ) | |
| MAURICE LUCLARE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant Maurice Williams was convicted after a jury trial of several drug offenses and possession of a firearm by a convicted felon. Doc. 54 (Judgment). He has appealed his conviction. *See* doc. 58. The Court of Appeals substituted appellate counsel retained by Williams for his court-appointed trial counsel. *See* doc. 74. Before the substitution, his trial counsel filed a request for transcripts of pretrial proceedings and sentencing, including a request that the costs be paid by the government. *See* doc. 64. After retained counsel was substituted, he filed a request for a full trial transcript, again to be paid for by the government. *See* doc. 78 (styled as an "amended" request). Finally, retained counsel moved the Court "for an order allowing Williams to proceed *in forma pauperis* as to

the cost of the transcripts necessary for [his] appeal." Doc. 80 at 1. He also seeks admission *pro hac vice*, without paying the required fee, "for the limited purpose of filing a motion to proceed *in forma pauperis* as to the costs for the transcripts deemed necessary for the appeal . . . ." Doc. 77 at 2.

The Court cannot accede to either request because Williams has not yet established his entitlement to public funds. His motion states only that he "had previously been represented by CJA counsel and was found indigent by this Court" and that he now "is without the funds necessary to pay for the transcripts for this appeal." Doc. 80 at 1, 2. However, "[u]ndersigned counsel has been retained by family members of Williams to represent him in the direct appeal of his judgment and sentence." *Id.* The retention of private counsel strongly suggests that Williams has his own funds, or such funds are available to him from private sources.

In similar circumstances, this Court has required additional financial information before authorizing the expenditure of public funds. *See, e.g.*, *United States v. Florez*, CR610-007, doc. 161 (S.D. Ga. June 23, 2011); *see also United States v. Stevenson*, 2015 WL 3719654 at * 1-2

(S.D. Ala. June 15, 2015) (discussing fact-finding undertaken prior to granting waiver of transcript fees); *United States v. Williams*, 2015 WL 5336117 at * 2-3 (E.D. Mich. Sept. 14, 2015) (evaluating whether appellant with retained counsel was entitled to waiver of transcript fees). The Court will require similar information here. There is simply no reason to allow Williams to ask the taxpayers to pay for any part of his appellate freight without confirming his need.

The standard for financial eligibility under the Criminal Justice Act, 18 U.S.C. § 3006A, unlike the 28 U.S.C. § 1915 standard, "is not indigence, but rather whether the party is financially able to obtain counsel." *United States v. Osuna*, 141 F.3d 1412, 1414 (10th Cir. 1998) (quotes and cite omitted). Section 3006A separates "expenses" from appointment of counsel for indigent defendants. *See* 18 U.S.C. § 3006A(e). It allows the Court to authorize such expenses "[u]pon finding, *after appropriate inquiry in an ex parte proceeding*, that the services are necessary and that the person is financially unable to obtain them . . . ." *Id.* (emphasis added). In that respect, "[t]he key balancing on a CJA request is concerned with the cost of the requested services in light of its reasonably expected benefit to the defendant. In other words,

3

would a retained counsel representing an adequately financed defendant reasonably expend the client's monies for these services." *United States v. Salyer*, 2011 WL 1466887 at * 10 (E.D. Cal. Apr. 18, 2011) (cite omitted).

The Court thus **DIRECTS** Williams to file an affidavit demonstrating his financial ability and need to proceed under § 3006A, otherwise similar to the affidavit required under 28 U.S.C. § 1915(a) except that he shall omit the "belief that [he] is entitled to redress" showing.[1] Once he has provided that information, Court will determine his eligibility for a publicly funded transcript and counsel's request for a waiver of the *pro hac vice* fee. The Clerk is **DIRECTED** to serve a blank form affidavit with this Order for Williams' convenience. Counsel shall submit the CJA data noted above. Both are due within 14 days of the date this Order is served.

**SO ORDERED,** this 2nd day of November, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Although, as noted above, the § 3006A standard is different than the § 1915 standard, the financial information at issue is the same. *Cf. Osuna*, 141 F.3d at 1414 (discussing the different standards applicable under the respective sections).