IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MAURICE LUCLARE WILLIAMS,       )
                                )
        Petitioner,             )
                                )
v.                              )       CASE NO. CV419-187
                                )                CR416-097
UNITED STATES OF AMERICA,       )
                                )
        Respondent.             )
_____  )

## O R D E R

Before the Court is the Magistrate Judge's August 9, 2022, Report and Recommendation (Doc. 12), to which Petitioner has filed objections (Doc. 19).[1] After a careful review of the record, Petitioner's objections (Doc. 19) are **OVERRULED**, and the report and recommendation (Doc. 12) is **ADOPTED** as the Court's opinion in this case. As a result, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) and motion to supplement his 28 U.S.C. § 2255 motion (Doc. 7) are **DENIED**.[2]

### STANDARD OF REVIEW

The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV419-187.
[2] The Court incorporates by reference the background of this case set forth in the report and recommendation. (Doc. 12 at 1-3.)

object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery

Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining

the standard of review for report and recommendations (citing

Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per

curiam))).

## ANALYSIS

The Magistrate Judge recommended that Petitioner's motion

under 28 U.S.C. § 2255 be denied in its entirety. (Doc. 12.)

Petitioner first objects to the Magistrate Judge's conclusion that

his challenges based on the Supreme Court's opinion in Rehaif v.

United States, --- U.S. ---, 139 S. Ct. 2191, 204 L. Ed. 2d 594

(2019), were procedurally defaulted. (Doc. 19 at 1-6.) Second,

Petitioner objects to the Magistrate Judge's conclusions that he

failed to sufficiently establish that he was prejudiced by his

trial counsel's deficient performance and that he failed to allege

facts that would entitle him to an evidentiary hearing. (Id. at 6-

10.) Petitioner did not, however, object to the Magistrate Judge's

recommendation that this Court deny his ineffective assistance of

appellate counsel claim. Petitioner also filed a motion to

supplement in support of his 28 U.S.C. § 2255 motion (Doc. 7),

which the Magistrate Judge recommended this Court deny (Doc. 12 at

18.) Petitioner did not object to the Magistrate Judge's recommendation on this issue. (Doc. 19.)

I.   <u>REHAIF CLAIMS</u>

First, as to Petitioner's <u>Rehaif</u> claims, Petitioner misunderstands the applicable legal principles. Petitioner correctly points out that the Eleventh Circuit's opinion in <u>Seabrooks v. United States</u>, 32 F.4th 1375 (11th Cir. 2022), established that <u>Rehaif</u> "announced a new rule of substantive law that applies retroactively to [an] initial § 2255 motion." <u>Id.</u> at 1383; (Doc. 19 at 1-2). In <u>Seabrooks</u>, the Eleventh Circuit also explained a crucial, if linguistically subtle, distinction between a "procedural bar" and a "procedural default" as applicable to a § 2255 motion. 32 F.4th at 1383-84. "A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and [the Eleventh Circuit] rejected on direct appeal. A defendant can overcome a procedural bar when . . . there is an intervening change in law[,]" like <u>Rehaif</u>. <u>Id.</u> at 1383 (citations omitted).

> By contrast, a "procedural default" occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion. If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused. To overcome a procedural default, a

defendant must show either (1) cause and prejudice, or
(2) a miscarriage of justice, or actual innocence.

Id. at 1383-84 (citations omitted).

The Magistrate Judge concluded that Petitioner's Rehaif
claims were procedurally defaulted, not procedurally barred. (Doc.
12 at 5-12.) In Petitioner's objection, he relies on cases
considering procedural bars, not procedural defaults. (Doc. 19 at
2). As explained above, the standards applicable to procedural
defaults and procedural bars are not the same. Moreover, Seabrooks
is of limited value in considering whether a Rehaif claim is
procedurally defaulted because the Eleventh Circuit found the
Government had waived defense of procedural default and declined
to consider it. Seabrooks, 32 F.4th at 1384.

Petitioner does not dispute that he failed to raise either of
his Rehaif-based claims on direct appeal. (Doc. 19); see also
United States v. Williams, 760 F. App'x 959 (11th Cir. 2019) (per
curiam) (affirming Petitioner's conviction). Although the
Magistrate Judge did not cite Seabrooks, he explained that a
procedural default may be overcome either by a showing of (1) cause
and prejudice, or (2) a miscarriage of justice or actual innocence.
(Doc. 12 at 6-7.) Petitioner objects to the Magistrate Judge's
reliance on United States v. Innocent, 977 F.3d 1077 (11th Cir.
2020), to conclude that he cannot show cause for his procedural
default because "Rehaif was not 'truly novel' in the sense

4

necessary to excuse procedural default." (Doc. 12 at 8 (quoting Innocent, 977 F.3d at 1084); Doc. 19 at 2.) However, Petitioner's contention that Innocent "is no longer good law" appears to be based on his misunderstanding of procedural bar versus procedural default. The Court is aware of no authority supporting Petitioner's contention that Innocent has been overturned. Petitioner's objection, therefore, does not identify any defect in the Magistrate Judge's conclusion that he failed to establish cause to excuse his procedural default. (Doc. 12 at 7-8.)

Petitioner's objection also implicates the Magistrate Judge's analysis of whether procedural default might be excused based on a miscarriage of justice or actual innocence. (Doc. 19 at 2-6.) Petitioner objects that the "[o]mission of an element from the indictment deprives the defendant of a meaningful opportunity to mount a defense." (Id. at 2.) The Magistrate Judge explained that "[t]he Eleventh Circuit has expressly rejected the argument that a pre-Rehaif indictment's failure to allege that a defendant knew of his relevant status renders the indictment defective." (Doc. 12 at 8); United States v. Moore, 954 F.3d 1322, 1332-37 (11th Cir. 2020); United States v. McLellan, 958 F.3d 1110, 1118 (11th Cir. 2020). For the first time in his objection, Petitioner also seems to raise an argument that the aiding and abetting instruction was improper to support his Rehaif claim. (Doc. 19 at 2-4.) To the extent Petitioner's argument concerning the allegedly defective

5

jury instruction is intended to assert an excuse for his procedural default, it is also insufficient. See, e.g., Bentley v. Bauman, No. 1:16-cv-14242, 2018 WL 1141809, at *3 (E.D. Mich. Mar. 2, 2018) ("[A] challenge to a jury instruction does not raise a claim of actual innocence . . . ." (collecting cases)).[3] Petitioner's objection therefore fails to establish any defect in the Magistrate Judge's conclusion that he failed to establish any basis to excuse his procedural default. (Doc. 12 at 6-11.)

Having clarified the distinction between "procedural bar" and a "procedural default," Petitioner's argument that the retroactive application of Rehaif excuses his procedural default fails based on binding Eleventh Circuit precedent. See Innocent, 977 F.3d at 1084 ("Rehaif was not 'truly novel' in the sense necessary to excuse procedural default." (citations omitted)). Petitioner's ambiguous discussion of the allegedly defective indictment and jury instructions does not undermine the Magistrate Judge's conclusion that there is no basis to excuse Petitioner's procedural default. Accordingly, Petitioner's objections to the Magistrate

---

[3] The actual innocence and fundamental miscarriage of justice exceptions to procedural bars apply equally in proceedings under 28 U.S.C. §§ 2254 and 2255. See United States v. Perez, 847 F. App'x 843, 845 (11th Cir. 2021) (per curiam).

Judge's recommendation that Petitioner's <u>Rehaif</u> claims in Grounds One and Two of his motion be denied are **OVERRULED**.

## II. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner also objects to the Magistrate Judge's analysis of his claim that his trial counsel provided ineffective assistance for failing to investigate and secure testimony from Shasta Stewart, the passenger in the vehicle. (Doc. 19 at 6-10.) In the report and recommendation, the Magistrate Judge explained that "[w]hile failure to investigate can establish ineffective assistance, mere speculation . . . that favorable evidence may exist i[s] insufficient to show either deficient performance or prejudice." (Doc. 12 at 14 (citing <u>Montas v. United States</u>, No. 8:11-cv-849-T-27TGW, 2012 WL 5193413, at *6 (M.D. Fla. Oct. 19, 2012).) Ultimately, because Petitioner did not show Ms. Stewart would have provided such testimony much less describe what the witness's testimony would have been, the Magistrate Judge declined to address whether trial counsel performed deficiently and determined Petitioner's speculative arguments were insufficient to demonstrate he was prejudiced by any alleged deficiency. (<u>Id.</u> at 12, 14-16.) The Magistrate Judge also advised an evidentiary hearing was not required given the lack of any substantive assertion of prejudice. (<u>Id.</u> at 16.)

In his objection, Petitioner devotes the majority of his rebuttal to trial counsel's deficient performance (Doc. 19 at 6-

7

10), which the Magistrate Judge explained he was not required to address (see Doc. 12 at 15-16 (citing Strickland v. Washington, 466 U.S. 668, 697, 104 S. Ct. 2052, 2069, 80 L. Ed. 2d 674 (1984)). As for Ms. Stewart's testimony, Petitioner continues to speculate about what Ms. Stewart's testimony would have been and whether she would have testified. "[A] petitioner's own assertions about whether and how a witness would have testified are usually not enough to establish prejudice from the failure to interview or call that witness." McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1365-66 (11th Cir. 2021) (citations omitted). Petitioner argues that Ms. Stewart took ownership of the contraband in part of the conversation introduced at trial when she said, "Just tell them that clearly Shasta gave it to you." (Doc. 19 at 6, 8.) Yet, review of the conversation reveals that Ms. Stewart made this statement in response to questions about "who [Petitioner] got that car from." Appendix at 18, USA v. Maurice Williams, No. 17-10585 (11th Cir. Apr. 25, 2018). Petitioner also makes unsupported generalizations that Ms. Stewart "tried to claim ownership at the scene of the crime" and during other telephone conversations that were not introduced.[4] (Doc. 19 at 7-8.) Thus,

---

[4] Petitioner also misrepresents this Court's statements when he argues that this Court believed the jail phone calls "should have been inadmissible because [they] violated the Confrontation Clause." (Doc. 19 at 8-9.) In reality, when the Court explained the use of the transcript of the recorded conversation during Petitioner's trial, the Court noted that the document was titled

Petitioner's only support is his own characterization of what Ms. Stewart would have said and that she would have been willing to testify. Speculation as to the substance of Ms. Stewart's testimony, and that it would have been helpful, is insufficient to undermine the Magistrate Judge's conclusion that Petitioner failed to show he was prejudiced by his trial counsel's deficient performance.

"[I]n order to be entitled to an evidentiary hearing, a petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." Aron v. United States, 291 F.3d 708, 715 n.6 (11th Cir. 2002) (emphasis omitted). "But a district court need not hold a[n evidentiary] hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." Hernandez v. United States, 778 F.3d 1230, 1232 (11th Cir. 2015) (quotation marks omitted). The Court also liberally construes pro se briefs. Aron, 291 F.3d at 715. Nevertheless, in this case, no evidentiary hearing is necessary as Petitioner's claim is based on allegations that are either affirmatively contradicted by the record or unsupported generalizations.

---

"Telephone Conversation Between Williams and Stewart." (Doc. 44 at 124.) The Court explained to the jury: "If I had seen [the title] ahead of time, I would have said take it out of there[,]" because it was up to the jury to decide the participants in the telephone call. (Id.) Clearly, the Court was not commenting on admissibility of the telephone calls as Petitioner contends.

_Preetorius v. United States_, No. CV 116-206, 2017 WL 4563085, at
*6 (S.D. Ga. July 19, 2017) (collecting cases). Accordingly,
Petitioner's objections to the Magistrate Judge's recommendation
to deny Petitioner's motion on Ground Three and his request for an
evidentiary hearing are **OVERRULED**.

## III. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AND MOTION TO SUPPLEMENT

The Magistrate Judge also recommended that Petitioner's
ineffective assistance of appellate counsel claim in Ground Four
of Petitioner's motion be denied as conclusory. (Doc. 12 at 16-
18.) Further, the Magistrate Judge recommended that Petitioner's
motion to supplement (Doc. 7) should be denied as futile. (_Id._ at
18-26.) Petitioner did not object to either of those
recommendations. (Doc. 19.) After a careful review of the record,
the Magistrate Judge's recommendations are therefore **ADOPTED**.

### CONCLUSION

In summary, Petitioner's objections (Doc. 19) are **OVERRULED**,
and the report and recommendation (Doc. 12) is **ADOPTED** as the
Court's opinion in this case. As a result, Petitioner's § 2255
motion (Doc. 1) and motion to supplement (Doc. 7) are **DENIED**. This
action is **DISMISSED**. The Clerk is **DIRECTED** to close the case.

Applying the Certificate of Appealability (COA) standards are
set forth in _Brown v. United States_, Nos. 407CV085, 403CR001, 2009
WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no

10

COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

SO ORDERED this _27th_ day of September 2022.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA